The relator, Douglas P. Wilberger, seeks a writ of mandamus in order to compel the respondent, the Highland Hills Police Dept., to produce copies of records that relate to his plea of guilty to one count of felonious assault (R.C. 2903.11) in State v. Wilberger, Cuyahoga County Court of Common Pleas Case No. CR-320622. The respondent has filed a motion to dismiss which we grant for the following reasons.
The relator demands copies of the following records which relate to Case No. CR-320622:1) complaint and affidavit; 2) witness statements; 3) investigation footnotes of Officer Eppinger; 4) all documents from the Cleveland House of Corrections; 5) warrant; and 6) conclusion of investigation report. Generally, the public may inspect and obtain copies of public records. See R.C. 149.43(B)(1)-(3). However, an exception exists for those persons who are incarcerated and seek certain types of public records. R.C. 149.43(B)(4) provides that:
 A public officer or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justifiable claim of the person.
Herein, the relator has failed to demonstrate that he has attempted to comply with the mandatory requirements of R.C. 149.43(B)(4) through a petition addressed to the judge that imposed the original sentence of incarceration. In addition, the relator has failed to demonstrate that the trial court judge has determined that any record sought is necessary to support any justifiable claim. State ex rel. Walker v. Balraj (Aug. 2, 2000), Cuyahoga App. No. 77967, unreported.
Finally, the Supreme Court of Ohio, in State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, held that:
 Except as required by Crim.R. 16, information assembled by law enforcement officials in connection with a probable or pending criminal proceeding is, by the work product exception found in R.C. 149.43(A)(2)(c), excepted from required release as said information is compiled in anticipation of litigation. * * * Id., paragraph five of the syllabus.
The Supreme Court of Ohio also held in Steckman that information assembled by law enforcement officials in connection with a criminal proceeding is, by the work product exception, excepted from required release and that a defendant in a criminal case who has exhausted the direct appeals of his or her conviction may not avail himself or herself of R.C. 149.43 in order to support a petition for postconviction relief. Steckman, supra, paragraphs five and six of the syllabus. Based upon the application of Steckman, we decline to issue a writ of mandamus on behalf of the relator. See also, State ex rel. Larson v. Cleveland Pub. Safety Dir. (1996), 74 Ohio St.3d 464.
Accordingly, we grant the respondent's motion to dismiss. Clerk to serve notice of this judgment to all parties as provided in Civ.R. 58(B). Costs to relator.
 _________________ SWEENEY, JAMES D., J.:
KENNETH A. ROCCO, P.J., and TERRENCE O'DONNELL, J., CONCUR.